**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 07a0233n.06**
**Filed: March 29, 2007**

**No. 05-6177**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| HENRY WILLIAMS, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: BOGGS, Chief Judge, and BATCHELDER and GRIFFIN, Circuit Judges.

PER CURIAM.

Henry Williams was prosecuted in the United States District Court for the Western District of Tennessee for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). During trial, Williams filed a motion for judgment of acquittal, which the district court denied. The jury then found Williams guilty. Williams timely appeals his conviction, contending that the evidence presented at trial was not sufficient to find him guilty beyond a reasonable doubt. For the reasons that follow, we affirm.

I.

- 1 -

The district court had jurisdiction pursuant to 18 U.S.C. § 3231, which gives the federal district courts exclusive jurisdiction over prosecutions charging offenses against the laws of the United States, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

II.

At about 5:00 a.m. on August 22, 2003, the Memphis Police Department received a complaint that someone had occupied a room at a motel without paying. Memphis police officers Marcus Lee and Baris Beck responded to the call and were later joined by Sergeant Williams. When the officers knocked on the door of the room and received no answer, they called the manager, who brought a key and opened the door. The officers entered the room and found three men: defendant Henry Williams, Kenneth Hightower, and Adam McLaurin. Williams was asleep on his back on the floor, while Hightower and McLaurin were awake and lying on the bed and floor, respectively.

Officer Lee testified that Williams had a cover over him and that, when the officer pulled the cover off, he saw a handgun in Williams's hand "up under his right leg"; *see also* Lee's Arrest Report ("upon removing the cover, officer observed a gray handgun tucked under the defendant's right leg"). After detaining the three men, the police learned that one of them (McLaurin) had an outstanding warrant for a probation violation, and that another (Hightower) had a felony conviction for aggravated assault but no outstanding warrants. The police arrested McLaurin on the outstanding warrant and released Hightower.

The handgun removed from Williams was a .40-caliber Ruger handgun, semi-automatic, model P91DC.

III.

In September 2004, a grand jury issued an indictment charging Williams with knowingly possessing the Ruger. Williams pled not guilty and proceeded to trial in March 2005. When the jury could not reach a verdict, the court polled and excused them. Williams moved to strike surplusage from the indictment, and, a week later, the government filed a one-count superseding indictment.

Williams pled not guilty to the superseding indictment and proceeded to trial. The jury convicted Williams, and the district court sentenced him to180 months in prison followed by three years of supervised release. Williams timely appealed.

IV.

A district court's ruling on a challenge to the sufficiency of the evidence is reviewed de novo. *United States v. Seymour*, 468 F.3d 378, 388 (6th Cir. 2006).

V.

When reviewing a challenge to the sufficiency of the evidence, we ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Davis*, 473 F.3d 680, 681 (6th Cir. 2007). We draw all reasonable inferences from the testimony and evidence in the prosecution's favor. *United States v. Abdullah*, 162 F.3d 897, 903 (6th Cir. 1998). We may not reweigh the evidence, reevaluate the credibility of witnesses, or substitute our judgment for that of the jury. *United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005), *cert. denied*, – U.S. –, 126 S. Ct. 1603 (2006). Finally, we keep in mind that circumstantial evidence alone may be enough to sustain a conviction, and "such evidence need not remove every

reasonable hypothesis except that of guilt." *Seymour*, 468 F.3d at 388 (quoting *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999)).

## VI.

In order to sustain a conviction under § 922(g), the government must prove that (1) the defendant had a prior felony conviction; (2) he knowingly possessed the firearm, either actually or constructively; and (3) the firearm had traveled in interstate commerce. *United States v. Coffee*, 434 F.3d 887, 895 (6th Cir.), *cert. denied*, – U.S. –, 126 S. Ct. 2313 (2006).

The parties stipulated that Williams is a convicted felon, which satisfies the first element of the offense. *See United States v. Sanders*, 404 F.3d 980, 985 (6th Cir. 2005). United States Bureau of Alcohol, Tobacco, and Firearms ("ATF") Special Agent Michael Roland testified, without contradiction, that the handgun had been manufactured outside Tennessee and thus had traveled in interstate commerce, which satisfies the second element of the offense. *See United States v. Glover*, 265 F.3d 337, 344-45 (6th Cir. 2001).

Williams challenges only the sufficiency of the evidence to prove beyond a reasonable doubt that he possessed the Ruger, the third element of the offense. The government presented the testimony of the police officers that when they entered the hotel room, they pulled the covers off of Williams and found a handgun underneath his leg. That alone was sufficient evidence to permit a rational jury to find beyond a reasonable doubt that Williams possessed the gun.

Williams points out that the other two men in the room were both felons who had the motive and the opportunity to place the gun on Williams's person without his knowledge. Williams's motive argument is potentially plausible; given that the other men were indeed felons proscribed

from possessing a gun, their fear of prosecution would give them an incentive to distance themselves from the gun and claim that Williams possessed it instead.

A rational jury might find Williams's opportunity argument to be plausible as well. Officer Lee testified that, after the officers knocked loudly and repeatedly on the door of the motel room and announced "Police, open up," they waited at least half an hour before obtaining the key and entering the room. Both McLaurin's and Hightower's testimony corroborate Williams's explanation that all three men had been drinking beer and smoking marijuana and had arrived at the hotel late at night, making it plausible that Williams would have been sound asleep or passed out when the officers entered the room. Indeed, Officer Lee testified that when he entered the room, he "went over and attempted to wake [Williams] up . . . but he didn't respond" even after Lee nudged him. A rational jury might reason that if Williams were so sound asleep, one of the other men could have placed the gun on Williams's person without Williams noticing, leaving Williams to take the blame.

However, while the evidence presented at trial might *allow* the jury to accept Williams's explanation, the evidence did not *compel* such a conclusion. On that score, the jury's decision essentially turned on an assessment of the plausibility of Williams's story in light of the circumstances, and he offers no basis for us to disturb that assessment. "It is well settled that when a defendant 'offers an innocent explanation for the incriminating facts proved by the government, the jury is free to disbelieve [it].'" *United States v. Schreane*, 331 F.3d 548, 562 (6th Cir. 2003) (quoting *United States v. Ledezma*, 26 F.3d 636, 641 (6th Cir. 1994)). It is for the jury, not the appellate courts, to say whether defendant's exculpatory explanation is the truth or a fabrication. *Schreane*, 331 F.3d at 562 (citing *United States v. Bailey*, 444 U.S. 394, 414-15 (1980)).

Williams next complains that Officer Lee's testimony about the location of the handgun contradicted the contemporaneous written police report. Specifically, Lee testified that the gun was in Williams's right hand, tucked under his right leg behind the knee, while the report stated that the gun was merely "tucked under the defendant's right leg." It was appropriate and well-advised for defense counsel to highlight this discrepancy in an attempt to create reasonable doubt, but the totality of the evidence was still sufficient for the jury to find that Williams possessed the handgun. Williams testified that he did not possess the gun, but Officer Lee testified that he removed the gun from Williams's hand, and the jury had to assess the two men's credibility. If the jury found Officer Lee to be more credible, as it must have, it would conclude that the discrepancy between his report and his testimony reflected merely an honest and immaterial error, rather than an intentional lie by Officer Lee.

Accordingly, Williams's focus on the discrepancy between Officer Lee's report and Officer Lee's testimony was a challenge to the *quality* of the prosecution's evidence, not its sufficiency. *United States v. Farley*, 2 F.3d 645, 652 (6th Cir. 1993) (stating that "attacks on witness credibility are simply challenges to the *quality* of the government's evidence and not to the sufficiency of the evidence").

Williams also complains that the prosecution failed to introduce any evidence as to the gun's registration. This argument is of no avail because registration would show only the identity of the gun's legal owner. The prosecution needed to show only that Williams possessed the gun, not that he was its legal owner: the legal ownership of the pistol is neither determinative nor particularly

relevant to whether Williams, a felon whom the law proscribes from possessing a firearm, actually possessed it.

Indeed, this court has upheld the conviction of the same defendant both for possessing an unregistered firearm and for being a felon in possession of that same unregistered firearm. *See United States v. Thompson*, 361 F.3d 918, 923 (6th Cir. 2004). That is further evidence that registration of the firearm in the felon's name is not a prerequisite to a felon-in-possession conviction.

Finally, Williams complains that the police never conducted a fingerprint analysis to ascertain who handled the gun. But there is no requirement that the defendant's fingerprints be on an item in order to support a conviction for possession of that item. *See United States v. Martin*, 399 F.3d 750, 754 (6th Cir. 2005) ("Defendant argues that . . . some of the scientific evidence (e.g. the lack of fingerprints) cast doubt on defendant's possession of the revolver. These arguments go to the weight of the evidence, not to whether evidence exists on each element . . . ."); *United States v. Daniel*, 134 F.3d 1259, 1263-64 (6th Cir. 1998) (affirming § 922(g) conviction notwithstanding fact that defendant's fingerprints were not found on gun or shells).

Accordingly, the prosecution presented sufficient evidence at trial to permit a rational jury to find beyond a reasonable doubt that Williams was a convicted felon in possession of a firearm that had traveled in interstate commerce.

## VII.

For the foregoing reasons, we affirm Williams's conviction.